UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receivers of
Silverton Bank, N.A.,

      Plaintiff,

v.                                              Case No:  2:13-cv-541-SPC-DNF

THOMAS HOOLIHAN,

      Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff's Motion for Final Default Judgment and Memorandum in Support (Doc. #12) filed on October 14, 2013. No response or opposition has been filed by Defendant and the time to do so has expired. The Motion is now ripe for review.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). ABS-SOS Plus Partners Ltd. v. Vein Associates of America, Inc., No. 6:08-cv-1409-Orl-31DAB, 2008 WL 5191701, at *1 (M.D. Fla. Dec. 10, 2008) (citing DirecTV, Inc. v. Griffin, 290 F. Supp.2d 1340, 1343 (M.D. Fla. 2003)). In this instance, Defendant was properly served on July 29, 2013. (Doc. #8). Plaintiff moved for an entry of clerk's

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

default on August 22, 2013. (Doc. #9). A Clerk's Entry of Default was entered on September 12, 2013, against Defendant. (Doc. #11).  To date Defendant has failed to answer, respond or otherwise make an appearance in this case. Having determined that Defendant has failed to answer or otherwise defend against the Complaint, the Court must now look to see if the allegations in the Complaint provide a sufficient legal basis for the entry of a default judgment.

A court may enter a default judgment only if the factual allegations of the Complaint, which are assumed to be true, provide a sufficient legal basis for such entry. Nike, Inc. v. Austin, 2009 WL 3535500, at *1 (M.D. Fla. Oct. 28, 2009) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.")). Therefore, in considering a motion for default judgment, a court must "'examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to' a default judgment." Nike, Inc., 2009 WL 3535500, at *1 (citing Fid. & Deposit Co. v. Williams, 699 F. Supp. 897, 899 (N.D. Ga. 1988)).

On July 19, 2013, Plaintiff filed a Complaint against Defendant seeking to recover unpaid funds pursuant to a Bank Promissory Note. (Doc. #1). Plaintiff alleges on March 29, 2006, Defendant borrowed $150,000.00 through a Note. (Doc. #1, ¶6). Subsequently, Defendant breached the terms of the Note by failing to pay the payment due May 29, 2010, and has remained in breach of the Note at all times thereafter.  (Doc. #1, ¶7). On or about June 4, 2013, Plaintiff notified Defendant about his default and demanded full payment of the Note along with accrued interest. (Doc. #1, ¶8). Defendant has not paid the balance on the note and accordingly owes Plaintiff

$128,799.18 in principal on the Note, late fees in the amount of $1,300.00, a process/release fee in the amount of $50, and interest. (Doc. #1, ¶¶15,17).

The promissory note states Georgia law governs to the extent not preempted by federal law. (Doc. #1-1, at 2). Under Georgia law, a plaintiff claiming a breach of contract has a burden of pleading and proving (1) the subject matter of the contract, (2) consideration, and (3) mutual assent by the parties to all of the contract terms. Huddleston v. Smith, No. 1:09-cv-03669-JOF, 2010 WL 1410556, at *2 (N.D. Ga. Mar. 30, 2010) (citing O.C.G.A. § 13-3-1; Broughton v. Johnson, 247 Ga.App. 819, 819 (2001)). Additionally, under Georgia law, the essential elements of a breach of contract claim are (1) a valid contract; (2) a material breach of its terms; and (3) damages arising therefrom. U.S. Faucets, Inc. v. Home Depot U.S.A. Inc., No. 1:03-CV-1572WSD, 2006 WL 1518887, at *10 (N.D. Ga. May 31, 2006) (citing TDS Healthcare Systems Corp. v. Humana Hosp. Illinois, Inc., 880 F.Supp. 1572, 1583 (N.D. Ga. 1995)). Plaintiff has sufficiently pled and proved the existence of a valid contract. (See Doc. #1, Doc. #1-1) By failing to answer the Complaint, Defendant admits that he entered into a contract with Plaintiff, breached this contract, and the breach resulted in damages to Plaintiff who has a right to complain about the contract being broken. See e.g., SunTrust Bank v. Trejos, No. 6:11-cv-486-Orl-18KRS, 2011 WL 3898012, at *2 (M.D. Fla. Aug. 18, 2011). Accordingly, a default judgment is due to be granted.

Turning now to the damages in this action, it is well understood that "a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979); see also Fed.R.Civ.P. 55(b); Patray v.

Northwest Publ'g, Inc., 931 F.Supp. 865, 869 (S.D. Ga. 1996). Plaintiff must establish that the amount is reasonable under the circumstances. Patray, 931 F.Supp. at 869.

Here, Plaintiff alleges it is owed $156,665.01. This amount comprises of an outstanding principal balance in the amount of $128,799.18; prejudgment interest on the principal in the amount of $26,244.02 as of September 12, 2013; late fees in the amount of $1,300.00; a process/release fee in the amount of $50.00; and the cost of this action in the amount of $271.81. Upon consideration of the record, the Court finds Plaintiff is entitled to these costs. However, to date Plaintiff has not adequately established the costs of this action. Accordingly, the Court finds Plaintiff is entitled to $156,393.20.

The Note also specifies attorney's fees. (Doc. #1-1, at 2). "Under O.C.G.A. § 13-1-11(a)(3), obligations to pay attorney's fees on a promissory note are valid and enforceable if the terms of the note so provide and the maker of the note is notified in writing that it can pay the principal and interest accrued on the note without the additional attorney's fees if payment is made within ten days from receipt of notice." Atlanta Collections, LLC v. Khatib, No. 1:07-CV-0706-JOF, 2007 WL 2757281, at *3 (N.D. Ga. Sept. 18, 2007). Plaintiff has complied with the O.C.G.A. § 13-1-11(a)(3) standard. (See Doc. #1-1, Doc. #1-2). At this time, Plaintiff has not specified a reasonable amount in attorney's fees. Instead, Plaintiff has requested a ruling only that it is entitled to an award of reasonable attorney's fees and will submit a request for the amount of attorney's fees within 14 days after the entry of a judgment pursuant to Fed.R.Civ.P. 54(d)(2)(B). The Court finds this request is due to be granted.

Accordingly, it is now

**ORDERED:**

4

Plaintiff's Motion for Final Default Judgment and Memorandum in Support (Doc. #12) is **GRANTED in part**. The Court finds Plaintiff is entitled to $156,393.20. The Court hereby finds Plaintiff is entitled to an award of reasonable attorney's fees and costs. The Clerk shall enter judgment accordingly, terminate all previously scheduled deadlines and pending motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of November, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record