UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver of
Silverton Bank, N.A.

        Plaintiff,

v.                                   Case No:   2:13-cv-541-FtM-38DNF

THOMAS HOOLIHAN,

        Defendant.
_____/

**ORDER**[1]

This matter comes before the Court on Plaintiff's Motion for Attorney's Fees and Costs and Memorandum of Law (Doc. #15) filed on November 25, 2013. Plaintiff seeks attorney's fees in the amount of $23,458.98 and costs in the amount of $63.81. For the following reasons, the motion will be granted in part and denied in part.

Plaintiff initiated this action on March 22, 2011, seeking recovery for breach of a promissory note executed by Defendant. (Doc. #1). A final default judgment was entered against Defendant on November 13, 2013. (Doc. #14). The Court found that Plaintiff is entitled to $156,393.20, and an award of reasonable attorney's fees and costs. This $156,393.20 amount comprised of an outstanding principal balance in the amount of $128,799.18; prejudgment interest on the principal in the amount of $26,244.02 as of

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

September 12, 2013; late fees in the amount of $1,300.00; and a process/release fee in the amount of $50.00. Now, in this motion, Plaintiff moves to be awarded reasonable attorney's fees and costs.

The promissory note, which is governed by Georgia law, provides in relevant part that the

> Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's costs of collection, including court costs and fifteen percent (15%) of the principal plus accrued interest as attorneys' fees, if any sums owing under this Note are collected by or through an attorney at law, whether or not there is a lawsuit, and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

(Doc. #1-1, at 2).

Provisions such as this are valid under Georgia law. See OCGA § 13-1-11(a). The principal and accrued interest as of September 12, 2013 equals $155,043.20.[2] Accordingly, this court finds that attorney's fees in the amount of $23,256.48, in other words 15 percent of $155,043.20, is warranted.

Plaintiff also requests an award for costs of this litigation, pursuant to 17 U.S.C. § 505. This copyright statute however is not relevant to this action. Nevertheless, the Court will address whether an award of costs pursuant to 28 U.S.C. § 1920 is warranted here. Plaintiff seeks $8.81 for courier service and $55.00 for disbursement of subpoena fees. (Doc. #15-1). Courier services is not an appropriate award of cost. See e.g., Copely v. Superior Logistics Alternative, Inc., No. 1:10-cv-0009-MEF, 2011 WL 1165476, at *6

---

[2] Plaintiff does not explicitly request an award pursuant to any interest fees accrued after September 12, 2013.

2

(M.D. Ala. Mar. 30, 2011) (rejecting request for postage); El-Fadl v. Central Bank of Jordan, 163 F.R.D. 389, 390-92 (D.D.C. 1995) (rejecting request for courier service costs pursuant to Section 1920 and Federal Rule of Civil Procedure 54). In addition, it is unclear from the record what is meant by "disbursement of subpoena fees." Accordingly, based on Plaintiff's argument and the relevant law, the costs which Plaintiff seeks are not warranted.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Attorney's Fees and Costs and Memorandum of Law (Doc. #15) is **GRANTED in part** and **DENIED in part**. The motion is GRANTED with regard to attorney's fees in the amount of **$23,256.48**. The motion is DENIED in all other respects. The Clerk is directed to amend the Judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of December, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3